UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSE ANTONIO LOPEZ-VINCENTE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:26-cv-00043-JRS-MG |
| | ) |
| KRISTI NOEM Secretary US Department of Homeland Security, in her official capacity, *et al.*, | ) ) |
| | ) |
| Respondents. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Jose Antonio Lopez-Vincente seeks a writ of habeas corpus requiring that he be released from U.S. Immigration and Customs Enforcement (ICE) detention or, alternatively, that he receive a bond hearing. Because the undisputed facts demonstrate that Mr. Lopez-Vincente is eligible for bond, the Court grants his petition by directing that he be afforded a bond hearing or released from detention.

**I. Facts**

The parties do not dispute any material factual issue.

Mr. Lopez-Vincente entered the United States near Phoenix in 2018. He did not present for inspection at a port of entry and apparently had no interaction with the United States' immigration apparatus until December 2025. Dkt. 7-1 at 9.

Indiana State Police arrested Mr. Lopez-Vincente on December 3 on suspicion of drunken driving. He has not been charged and was released on his own recognizance. However, ICE immediately took custody of Mr. Lopez-Vincente on December 4 and initiated a removal proceeding. *Id.* at 8–9; dkt. 1 ¶ 23. ICE took custody of Mr. Lopez-Vincente pursuant to an

administrative warrant addressed to: "Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." Dkt. 7-1 at 6.

Mr. Lopez-Vincente is now detained at the Clay County Justice Center. Mr. Lopez-Vincente requested in his removal proceeding that he be released on bond. However, Immigration Judge Matthew Beese determined, based on a Board of Immigration Appeals precedent, that he lacked jurisdiction to consider Mr. Lopez-Vincente's eligibility for bond. *Id.* at 12–15.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Lopez-Vincente argues that his continued detention without even being considered for bond violates the Constitution and laws of the United States in three respects. He contends that his continued detention without the possibility of bond violates a declaratory judgment issued in a class action by the U.S. District Court for the Central District of California and that he is a member of the class protected by that judgment. He further argues that his continued detention without the possibility of bond violates the Immigration and Naturalization Act (INA) and the Fifth Amendment's guarantee of due process.

The respondents argue that the declaratory judgment is not enforceable in this Court (or at least that this Court should not enforce it); that the INA not only allows but requires Mr. Lopez-Vincente to be detained without bond; and that there is no due process violation. In any event, they argue that this Court lacks jurisdiction over the decision to withhold bond. Alternatively, they argue that Mr. Lopez-Vincente is entitled to at most a bond hearing.

The Court finds that the declaratory judgment is not dispositive to this case and declines to resolve the question of its enforceability. However, Mr. Lopez-Vincente's continued detention without possibility of bond violates the INA and entitles him to habeas relief in the form of a bond hearing.

A.     The *Maldonado Bautista* Declaratory Judgment

Mr. Lopez-Vincente first argues that he is a class member entitled to relief through the declaratory judgment the Central District of California issued in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM; *see generally* 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025) (*Maldonado Bautista I*); 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) (*Maldonado Bautista II*). This Court undertook a thorough analysis of *Maldonado Bautista* in *Magallanes-Casas v. Noem*, No. 2:26-cv-00025-JRS-MJD, dkt. 13 (S.D. Ind. Feb. 2, 2026). As in that case, the Court declines to apply *Maldonado Bautista* here and instead proceeds to the merits of Mr. Lopez-Vincente's statutory challenge.

In short, the *Maldonado Bautista* the court certified a class of habeas petitioners under Federal Rule of Civil Procedure 23(b)(2) that would include Mr. Lopez-Vincente. The declared that DHS's widespread application of 8 U.S. C. § 1225(b)(2) to deem aliens subject to mandatory detention without consideration of bond is contrary to the INA. The court vacated DHS's policy under the Administrative Procedure Act and entered final judgment. *Maldonado Bautista II*, 2025 WL 3713987 at *32.

However, *Maldonado Bautista*'s applicability to habeas actions outside the Central District of California is unclear. In *Trump v. J.G.G.*, the Supreme Court reiterated that (a) any claim implying the invalidity of the claimant's custody "must be brought in habeas corpus," and (b) habeas jurisdiction lies only with the district where the claimant is confined. 604 U.S. 670, 671–

3

72 (2025) (applying *Nance v. Ward*, 597 U.S. 159, 167 (2022); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). On that basis, the Supreme Court vacated a preliminary injunction barring the removal of a provisionally certified class of aliens and held that class members must pursue any relief in habeas actions in the districts where they were confined. *Id.* at 673–74. If *J.G.G.* does not squarely forbid this Court to grant Mr. Lopez-Vincente relief based on a declaratory judgment issued by a different court, it certainly presents cause for caution.

Regardless, *Maldonado Bautista*'s enforceability and its interaction with *J.G.G.* are issues this Court need not resolve today. This Court and others have consistently reached the same conclusion as the Central District of California. This Court finds for the reasons explained below that Mr. Mr. Lopez-Vincente's detention may be authorized only by 8 U.S.C. § 1226(a), that he is therefore eligible for discretionary release on bond, and that the government's refusal to consider release on bond entitles him to habeas relief. Accordingly, this Court declines to grant relief based on *Maldonado Bautista* and instead addresses the merits of Mr. Lopez-Vincente's statutory challenge to the lawfulness of his detention.

**B.     Detention Under § 1226(a)**

Alternatively, Mr. Lopez-Vincente asks the Court to reach the same conclusion the Central District of California reached in *Maldonado Bautista*: that his continued detention without consideration of bond is contrary to the INA. Dkt. 1 ¶¶ 89–90. He invokes the now familiar argument that his detention can only be authorized by 8 U.S.C. § 1226(a):

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—

>   (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
>   (B) conditional parole[.]

8 U.S.C. § 1226(a).

The respondents answer that § 1225(b)(2)(A) not only authorizes but *requires* Mr. Lopez-Vincente's detention. That provision directs that "an alien who is an applicant for admission . . . shall be detained" for the pendency of removal proceedings. They insist that, because Mr. Lopez-Vincente has not been admitted to the United States by immigration officials, and because he opposes his removal, he is an "alien who is an applicant for admission" and therefore subject to compulsory detention under § 1225(b)(2)(A). Dkt. 7 at 6–11. This position is untenable for two reasons.

First, the respondents' interpretation of § 1225(b)(2)(A)—that every alien arrested inside the United States who seeks to remain here, no matter how long after arriving, is an applicant for admission subject to mandatory detention—is legally dubious. The Seventh Circuit recently responded to this argument with skepticism. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–61 (7th Cir. Dec. 11, 2025) ("The question is whether § 1225(b)(2)(A) covers any noncitizen who is unlawfully already in the United States as well as those who present themselves at its borders. . . . Based upon the text and structure of the two provisions, we believe that Plaintiffs have the better argument on the current record."). Before and since, this Court and the vast majority of other district courts have rejected the government's interpretation. *See, e.g.*, *Morales Sandoval v. Crowley, et al.*, No. 2:25-cv-00560-JRS-MKK, 2025 WL 3760760, at *3-6, dkt. 16 at 5-13 (S.D. Ind. Dec. 30, 2025); *Perez Reyes v. Bondi*, No. 4:25-cv-00239-SEB-KMB, 2025 WL 3755928, at *3 (S.D. Ind. Dec. 29, 2025) ("The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to 'arriving' noncitizens

attempting to enter the United States rather than undocumented aliens like Ms. Perez Reyes who have lived in the interior of the United States for years."). "As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Perez Reyes*, 2025 WL 3755928, at *3 (citing *Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *14–19 (S.D. Ind. Oct. 11, 2025)).

The respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 7 at 1. The respondents offer no binding authority in the other direction, and the Court declines to depart from its previous reasoning.[1]

Second, even if the respondents' legal reasoning was more persuasive, it could not be reconciled with the facts—that is, with the government's treatment of Mr. Lopez-Vincente in this case. The government arrested Mr. Lopez-Vincente pursuant to an administrative warrant issued by DHS. Dkt. 7-1 at 6. The warrant is addressed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." *Id.* Section 236 of the INA is codified at 8 U.S.C. § 1226. Meanwhile, the warrant does not cite Section 235—8 U.S.C.

---

[1] The respondents offer a passing reference to *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which the Court addresses specifically due to its recency and its issuance from within the Seventh Circuit. *See* dkt. 7 at 2. *Cruz Rodriguez* offers a thorough and thoughtful analysis of §§ 1225 and 1226 and concludes that *both* provisions apply to certain aliens apprehended inside the United States. *See Cruz Rodriguez*, 2025 WL 3672856, at *7 ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). This Court finds that logic problematic for reasons expressed in previous decisions and discussed further below. Regardless, this Court joins another jurist from the Northern District of Illinois in deferring to *Castañon-Nava* as highly persuasive, directly applicable authority from a superior tribunal on a pure question of law. *See Morales Perez*, No. 1:25-CV-14995, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026).

§ 1225. The government determined and documented that Mr. Lopez-Vincente was subject to arrest under § 1226, not § 1225.

This Court has consistently reasoned that mandatory detention and discretionary release are mutually exclusive concepts. An alien cannot be subject both to mandatory detention under § 1225(b)(2)(A) and eligible for discretionary release under § 1226(a)(2); the provisions can only exist harmoniously if they apply to separate classes of aliens. *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025). The government treated Mr. Lopez-Vincente as subject to § 1226(a) when it took him into custody in December. It cannot now maintain that he is subject to § 1225(b)(2) and therefore categorically ineligible for discretionary release. *Id.* (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)); *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2741654, at *9 (N.D. Cal. Sept. 26, 2025) ("[T]he government cannot switch tracks and subject Petitioners to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioners in removal proceedings under section 1229a and released them on their own recognizance under section 1226(a)."); *Fornalik v. Perryman*, 223 F.3d 523, 530 (7th Cir. 2000)).

As a matter of law and as a matter of fact, the government's application of § 1225(b)(2) to detain Mr. Lopez-Vincente without considering bond is contrary to the INA. His continued detention without consideration of bond therefore violates the laws of the United States, and he is entitled to habeas corpus relief.

**C.      Jurisdiction Under § 1226(e)**

The respondents also argue that, even if Mr. Lopez-Vincente's detention is governed by § 1226, then § 1226(e) deprives the Court of jurisdiction over his claim. This argument collapses

under its own weight. Section 1226(e) precludes review of the "Attorney General's discretionary judgment regarding the application of" § 1226 to detain an alien or revoke or deny bond or parole. The Attorney General has not rendered a discretionary judgment under § 1226. Her delegee—Judge Beese—expressly found that he lacked jurisdiction to even consider bond. The Attorney General has not considered the possibility of bond or parole and therefore has not revoked or denied it.

Section 1226(e) might preclude this Court's intervention if Mr. Lopez-Vincente requested bond, an immigration judge considered his request on the merits and denied it, and he petitioned this Court for a different result. That is not the case. The government has not made a discretionary decision to detain him. It insists that it has no discretion. Section 1226(e) does not apply to this case.

**D.    Relief Available**

Mr. Lopez-Vincente asks the Court to order his immediate release. Any relief afforded through habeas corpus must be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Lopez-Vincente maintains—and the Court agrees—that his detention without consideration of bond is contrary to law because his detention is authorized by § 1226(a), which makes him eligible for discretionary release but also allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Lopez-Vincente's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful only to the extent the government refuses to consider whether he may be released as the law requires.

The Court notes that Mr. Lopez-Vincente's request for relief also asks the Court to dictate the immigration judge must or must not consider certain factors when assessing the appropriateness of bond; that, if released, he may not be redetained; and that the government may

8

not attempt to stay his release if bond is granted. The parties have not briefed these issues, so they are not properly before this Court.

The question presented to this Court in this and every other habeas action is whether the petitioner's present custody violates the Constitution or laws or treaties of the United States. The undisputed record demonstrates that Mr. Lopez-Vincente's custody violates the INA because government has denied him consideration of bond. That violation can be cured with a bond hearing, conducted according to § 1226(a) and accompanying regulations, and followed by a decision on the merits. If Mr. Lopez-Vincente remains detained after that process is completed, or if he is redetained after being released, he may bring another petition and demonstrate why the new circumstances of his detention are contrary to law.

### III. Conclusion

The petition for a writ of habeas corpus is **granted** insofar as the respondents will have **seven days** to certify that Mr. Lopez-Vincente has (1) appeared for a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) been released from detention. The petition is **denied** to the extent it seeks an order that Mr. Lopez-Vincente be immediately released; that the Court place further constraints or direction on the bond determination; or that the Court enjoin future detention. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 2/6/2026

_/s/ James R. Sweeney_
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Rachel Dever
Church Church Hittle and Antrim
rdever@cchalaw.com

Oscar Adkins Rivas, Jr
Huelskamp & Rivas PC
borivas.law@gmail.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov